Tur net, <T.,
delivered the opinion of tbe court:
It is well established that in tbe interpretation of wills, tbe intent of tbe testator must prevail, if that intention can be discovered in tlie instrument, and it is not in conflict witb some settled policy or rule1.
We think there is no trouble in arriving at tbe intention in this case, construing tbe entire clause, upon the second part of which tbe controversy arises. Tbe clause is, “I give in equal proportion to my children, George W. Morgan, Cherokee A. Rogers, Rufus Montgomery Morgan, and Amanda P. Morgan, and their heirs forever, all tbe proceeds of a certain suit now pending in tbe chancery court at Madisonville, in which I am complainant, and Joseph T. Mulligan is respondent; and in the event of tire land claimed by me in said suit being recovered, I give tbe same in equal proportions to my said children, George W. Morgan, Cherokee A. Rogers, Rufus M., and Amanda. P. Morgan, and their heirs forever. Also give to all my children, to wit: M. A. W. Effort, Elizabeth L. McElrath, George W. Morgan, Cherokee A. Rogers, Rufus Montgomery Morgan and Amanda P. Morgan, during their natural lives, all any real estate, consisting,” etc., "with the remainder or fee simple of said before-mentioned tracts to the children of' tlie said M. A. W. Effert, etc., and their heirs forever jointly, and as tenants in common in fee.”
We think there can be no question that the testator purposely employed language to distinctly -mark his purpose *88 of an absolute devise in tbe first instance, and of a life estate, with remainder oyer, in the second. The language shows clearly he understood and meant to make the distinction indicated in the two devises.
Upon the death of one of the first takers, his child or children succeeded to the fee of one-sixth of the estate devised by the second part of this clause in the will, the present title to- such fee vesting immediately upon the falling in of the life estate.
One of the tenants for life dying without children, the remainder dependent on his life estate, goes to all the grandchildren, being children of the other tenants for life, per stirpes.
In the appointment of guardian ad litem, it is, as has been hoiden, the duty of the court to select one learned in the law, capable of investigating and protecting the interests of his wards.
The bill charges collusion between the guardian ad litem, and the representative of W. TI. Morgan.
It is certainly not proper that the attorney or solicitor of the adverse party shall be the attorney or solicitor of the minors, or their guardian ad litem, as is charged in this case.
The decree of the chancellor is reversed, and the cause remanded.